IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3091 |
| vs. | |
| PAUL M. TEGELER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has moved for a variance (filing 38) and objected to the presentence report (filing 39).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has filed a motion for variance (filing 38) based upon his personal circumstances and characteristics. *See* filing 41 at 4-5. The Court will resolve that motion at sentencing.

3.    The defendant has also objected to the presentence report's calculation of his base offense level. Filing 39. Under the relevant Guideline for the offense of conviction—violation of 18 U.S.C. § 2422(a)—the defendant's base offense level would be 24. *See* U.S.S.G. § 2G1.3(a). But § 2G1.3(c)(1) provides that

> [i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply §2G2.1 . . . if the resulting offense level is greater than that determined above.

The presentence report applies this cross-reference and reaches a base offense level of 32, based upon the defendant's correspondence with and receipt of nude photographs from a 17-year-old girl in Kansas who is *not* the victim of the offense of conviction.[1] The defendant objects that there is no evidence that the defendant caused the Kansas girl to send him any sexually explicit visual depictions—that is, the defendant contends that the girl offered to send him pictures. Filing 41 at 2-4. So, the defendant objects to application of the cross-reference.

If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the

---

[1] Although the defendant does not raise it, the Court notes a potential ambiguity in the Sentencing Guidelines regarding whether an allegation of this kind—uncharged misconduct involving a different victim—is properly considered part of the offense conduct for purposes of determining the base offense level. *See* U.S.S.G. §§ 1B1.3(a)(2) and 3D1.2(d); *cf.*, *United States v. Weiner*, 518 F. App'x 358, 363-66 (6th Cir. 2013); *United States v. Hesson*, 46 F. App'x 226, at *3 (5th Cir. 2002); *but cf. United States v. Miller*, 166 F.3d 1153, 1155-56 (11th Cir. 1999). The parties may want to brief that matter before sentencing.

- 2 -

government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004); *see*, *United States v. Bauer*, 626 F.3d 1004, 1007 (2010); *United States v. Tyndall*, 521 F.3d 877, 883 (8th Cir. 2008). Accordingly, the Court will resolve this objection on the evidence presented at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 27th day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge