IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3091 |
| vs. | MEMORANDUM AND ORDER |
| PAUL M. TEGELER, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 80) filed by the defendant, Paul Tegeler. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be

summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was charged with one count of attempting to entice a 13-year-old girl to travel in interstate commerce to engage in unlawful sexual activity. Filing 1; *see* 18 U.S.C. § 2422(a). The defendant had placed a Craigslist advertisement soliciting a "sex slave." Filing 33 at 12. An undercover law enforcement officer contacted him using the persona of a 13-year-old girl. Filing 33 at 12. The defendant asked the "girl" to send him nude images and to meet him for sex. Filing 33 at 12-13. He sent her a bus ticket, and was taken into custody at the bus stop where he was waiting for her. Filing 33 at 13. The defendant admitted to that conduct and pled guilty to the charge. Filing 33 at 14; *see* filing 28; filing 34.

The presentence report (PSR) identified another incident similar to the charged offense, discovered during forensic examination of evidence seized from the defendant. Filing 55 at 6. Law enforcement found that the defendant had placed 146 Craigslist advertisements resembling the one that began the investigation. Filing 55 at 6-7. Police interviewed a 17-year-old Kansas girl, who reported having contacted the defendant based on another Craigslist advertisement he had posted; she wanted to run away from home and she and the defendant planned for him to drive to her home in Kansas to pick her up. Filing 55 at 6. They communicated about sexual activity and the defendant's "desire to have a daddy/daughter, sex slave type sexual

relationship with the girl when she came to live with him." Filing 55 at 6. She also sent him sexually explicit photographs. Filing 55 at 6. But she stopped responding to his emails, and they never actually met. Filing 55 at 6.

The PSR included the incident with the Kansas girl as relevant conduct in determining the defendant's guideline sentencing range. Filing 55 at 7-8. Based on a total offense level 31 and a criminal history category I, the PSR found a guideline imprisonment range of 108 to 135 months. Filing 55 at 16; filing 56. The defendant objected to the PSR, contending that the wrong guideline—U.S.S.G. § 2G1.3—was applied to determine the base offense level, and that the Kansas incident was not relevant conduct to the offense of conviction. Filing 39; filing 41. The Court overruled the objection at sentencing. Filing 70 at 13. But the Court also said that the sentence would be based on the 18 U.S.C. § 3553(a) factors "regardless of guidelines or regardless of the cross-reference." Filing 70 at 12. The Court explained that

> I have considered your prior history, your service, your health issues . . . but I've also considered that society needs protection from this type of predatory behavior. And, based on the nature of this offense, there will be a significant punishment reflecting respect for the law. I am varying somewhat from the guidelines, if you will, but, as I noted earlier, this sentence is based on § 3553 factors and would be the sentence regardless of guidelines and regardless of how I ruled on the § 2G1.3 objection, quite frankly, either way.

Filing 70 at 25. The Court varied downward from the guideline range and imposed a sentence of 84 months' imprisonment. Filing 57; filing 58 at 3.

The defendant appealed to the U.S. Court of Appeals for the Eighth Circuit, which affirmed his conviction and sentence. *United States v. Tegeler,* 650 F. App'x 903 (8th Cir.), *cert. denied,* 137 S. Ct. 486 (2016). The defendant argued that the Court misapplied the guidelines, as set forth above, but the Court of Appeals found that any error was harmless, because

> [w]hen the district court makes a clear record that the judge intended to impose the same sentence, and where the court takes into account the potential impact of the specific error alleged, it is appropriate to treat the alleged error as harmless. We have such a clear record here. We thus conclude that, even if the district court improperly applied the cross-reference to determine [the defendant's] base offense level (a question we do not decide today), any such error was harmless.

*Id.* at 906 (cleaned up). The defendant petitioned the Supreme Court for certiorari, but that petition was denied on November 14, 2016. Filing 79. The defendant filed his present § 2255 motion on March 26, 2018. Filing 80.

## DISCUSSION

The defendant asserts one claim: that the Court violated his due process rights by sentencing him based on uncharged misconduct in the PSR. Filing 80 at 2-3. But the initial question is whether his motion is timely. Generally, a § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). And "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527

(2003). So, the defendant's motion was filed more than a year after his conviction became final.

The defendant relies on an exception to the general statute of limitations: a defendant may also file a § 2255 motion within 1 year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). The defendant purports to rely on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).

There are several problems with the defendant's argument, most of which are premised on one underlying defect: *Nelson* simply has no bearing on the defendant's case.

> [T]he Supreme Court's decision in *Nelson* found that it was a due process violation for a State to require defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence before they were refunded costs, fees, and restitution pursuant to their invalid convictions. 137 S. Ct. 1249. The Supreme Court did not find that it was unconstitutional to consider relevant conduct, including conduct that was not charged. *Nelson* also does not discuss the appropriate evidentiary standard for proving relevant conduct is attributable to a defendant at sentencing.

*Miller v. United States*, No. 09-20031-01, 2018 WL 1693372, at *2 (D. Kan. Apr. 5, 2018); *see Wood v. United States*, No. 2:18-CV-73, 2018 WL 793608, at *2 (E.D. Va. Feb. 8, 2018).

The defendant argues that *Nelson* impliedly overruled *United States v. Watts*, 519 U.S. 148, 156-57 (1997), in which the Supreme Court held that a

sentencing court may consider conduct of which the defendant has been acquitted, so long as that conduct has been proved by a preponderance of the evidence. Filing 81. *Nelson*, of course, does no such thing: *Nelson* deals with the State's retention of funds following the *invalidation* of a conviction, and *Watts* deals with the clearly distinguishable question of what evidence may be considered at sentencing on a *valid* conviction.

Furthermore, even if *Nelson* could be read to somehow undermine the reasoning of *Watts*, it is the Supreme Court's prerogative, alone, to overrule one of its precedents. *Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016). The Supreme Court has been quite clear that its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Id.* Because *Nelson* obviously does not *expressly* invalidate *Watts*, this Court must follow *Watts* until the Supreme Court says otherwise. And even beyond that, the defendant's conviction does not rest on *Watts*. This case involves, not conduct of which the defendant was acquitted, but conduct that was uncharged—and uncharged relevant conduct may be used to enhance a sentence imposed within statutory limits. *See Edwards v. United States*, 523 U.S. 511, 540-41 (1998); *United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *see also Witte v. United States*, 515 U.S. 389, 399-401 (1995).

In short, because *Nelson* is not implicated in this case, the defendant's reliance on § 2255(f)(3) is misplaced, and his motion is untimely pursuant to § 2255(f)(1). But for the sake of completeness, the Court notes that the defendant's claim would be without merit even if timely presented. First, the defendant presented his claim of procedural error at sentencing to the Eighth Circuit on direct appeal—and claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis*

*v. United States*, 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013). Second, the defendant has presented nothing to undermine the Eighth Circuit's conclusion that any error in the guideline determination was made harmless by the Court's express reliance on § 3553(a) in crafting an appropriate sentence. *See Tegeler*, 650 F. App'x at 906; *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016). And finally, even if the defendant had some plausible argument for sentencing error, that argument would not be cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). And, the Court of Appeals said, ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim, and may not be relitigated under § 2255. *Sun Bear*, 644 F.3d at 704. In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of,

statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be challenged, pursuant to § 2255, on the basis of alleged Guidelines error. *See Sun Bear*, 644 F.3d at 706.

To summarize: the defendant's § 2255 motion is untimely, and even if timely it would be without merit.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 80) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 16th day of April, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge